PROB 12B  
(SD/FL 9/96)

SD/FL PACTS No. 32131

# UNITED STATES DISTRICT COURT

for

## SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

APR 14 2000

CLARENCE MADDOX  
CLERK U.S. DIST. CT.  
S.D. OF FLA. - MIAMI

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: Felix Mauricio Zuniga                  Case Number: 97- CR-00137-001-HIGHSMITH

Name of Sentencing Judicial Officer: The Honorable Shelby Highsmith, United States District Judge, SD/Fl.

Date of Original Sentence: October 22, 1998

Original Offense:     Count Three, Wire Fraud, Title 18, U.S.C. §1343; a Class "B" felony.

                      Count Six, Wire Fraud, Title 18, U.S.C. §1343; a Class "B" felony.

Original Sentence:    One year and one day custody of BOP, followed by five years of supervised release. Special conditions of supervised release included; provide full financial disclosure; prohibited from incurring new credit without the approval of US Probation Officer; prohibited in engaging in any business that offers securities, investments, business opportunities, telemarketing, direct mail, or national advertising campaign for business purposes; and make restitution of $100,000.

Type of Supervision: Supervised release                  Date Supervision Commenced: October 15, 1999

---

## PETITIONING THE COURT

[ ]  To extend the term of supervision for __ years, for a total term of __ years.  
[X]  To modify the conditions of supervision as follows:

> The defendant shall participate in the Home Detention Electronic Monitoring Program for up to 120 days. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the United States Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding", "call waiting", a modem, "caller ID", or "call back/call block" services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the United States Probation Officer. In addition, the defendant shall pay costs of electronic monitoring at the rate of $4.35 each day.
>
> The defendant shall perform 50 hours of community service at the direction of the US Probation Office to commence upon completion of the Home Detention/Electronic Monitoring.

PROB 12B  
(SD/FL 9/96)

SD/FL PACTS No. 32131

**The defendant shall pay 10%, but not less than $150, of his net monthly income towards his Court ordered restitution. This includes all commissions, bonuses, and/or monetary incentives received from employer or others for services rendered/performed. If federal, state, or local tax withholdings are not taken out of the commissions, bonuses, and/or monetary incentives, then 10%, but not less than $150, of the gross amount will be paid towards the Court ordered restitution.**

## CAUSE

On December 22, 1999, per the request of United States Probation Officer (USPO) Steven G. Aasterud, SD/Fl., Ft. Lauderdale Office, this officer contacted the releasee to confirm his new residence at 6973 SW 151 Street, Miami, Florida. At that time, the releasee and this officer discussed his pending supervision transfer to this officer and his special conditions of supervision. Specifically, his restitution order and the net capital gain from the recent sale of a residence. The releasee informed this officer that the net capital gain was approximately $15,000, and because of outstanding debts such, such as IRS, there was not much left. Also, he claimed to have discussed this matter with USPO Aasterud and USPO Aasterud did not require any of the net gain to be paid towards his restitution. The releasee was instructed by this officer not to spend any more of the net gain until the issue had been resolved.

On January 3, 2000, this officer spoke with USPO Aasterud concerning the net gain of the sale, whereupon, USPO Aasterud reported that the releasee never informed him the net amount was $15,000, he recalls being notified of an amount around $5,000 to $6,000. He was told by the releasee that all the net gain was paid to outstanding debts/liens, particularly IRS. If he had been informed of the true net gain, he would have instructed the releasee to pay part of the net gain towards restitution.

On January 10, and January 12, 2000, this officer had conversations with the releasee, whereupon, he denied misleading USPO Aasterud and claimed USPO Aasterud misunderstood him. He was instructed by this officer not to spend any of the remaining net gain and to submit documentation of the sale of the residence.

On January 18, 2000, the releasee submitted the documentation on the December 20, 1999, sale of the residence which indicated that all outstanding debts/liens were paid with the gross proceeds at the closing, particularly the IRS debt, and that the releasee and his spouse netted $25,000. The releasee was reminded of the previous statements made by him to USPO Aasterud and this officer. He indicated he made a mistake and reported the wrong amount. He also reported that he had not spent the net gain and was once again instructed by this officer to hold onto the remainder until the issue is resolved. He was also informed that he was behind in his agreed upon restitution payment of $150 monthly, which he agreed/signed with USPO Aasterud on or about October 15, 1999.

On February 15, 2000, this officer once again spoke with the releasee concerning the net gain he had reported originally. The releasee then reported to this officer that all the money had been spent to feed and cloth his family. This officer informed the releasee he has failed to follow the instructions of his US Probation Officer and has failed to provide truthful information. The releasee was instructed to report to this officer on February 17, 2000. The releasee reported he would bring his attorney.

On February 17, 2000, this officer, SUSPO Martin Carroll, the releasee, and his attorney discussed the above issue. At that time the releasee denied any attempt to deceive or mislead the US Probation Office concerning the net capital gain from the sale of his residence. Additionally, he once again reported all the monies had been spent to feed and cloth his family. All parties agreed to allow the releasee to contact his accountant and submit an accounting of the expenditures regarding the net gain since the sale of the residence on December 20, 1999.

PROB 12B                                                                    SD/FL PACTS No. 32131
(SD/FL 9/96)

On February 25, 2000, the releasee submitted the accounting of the expenditures. A review of the expenditures reflected that approximately $6,581.55 was spent towards the purchase of a 1999 Dodge Durango SUV, and a BMW Vehicle Lease. Nearly $6,100 towards the first/last and security deposit on a lease agreement for the new residence, whereas, he will pay an additional $2,500 per month in rent. Approximately $1,400 per month in groceries for a family of five. But, most importantly, there was an expenditure of $207.89 for Bush Garden tickets.

On March 8, 2000, this officer, the releasee, his attorney, and his accountant, Keith Sharkey, met to discuss the expenditures. At that time, this officer informed all parties that the US Probation Office was led to believe by the releasee that all the monies were spent to feed and cloth his family, however, the accounting indicates otherwise. Lastly, this officer questioned the releasee about the Bush Gardens tickets and reminded the releasee he was never given permission to travel outside the SD/Fl. At first the releasee denied leaving the district, however, once he was informed that the US Probation Office would not tolerate any more lies, he admitted to traveling with his family and staying over night.

Attached for Your Honor's review is the Waiver of Hearing to Modify Conditions of Supervised Release. This officer recommends approving the modification so as to enable the US Probation Office to continue monitoring the releasee's financial status and his compliance with the restitution order. The releasee has been warned that continued noncompliance and failure to provide truth information will be brought to the Courts attention for revocation proceedings.

If Your Honor concurs with this officer's recommendation, please indicate by signing below.

                                                          Respectfully submitted,
                                            by
                                                          Frank X. Will
                                                          U.S. Probation Officer
                                                          Date: April 10, 2000

---

THE COURT ORDERS:

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[✓]   The Modification of Conditions as Noted Above
[ ]   Submit a Request for _ Warrant or _ Summons

                                          Signature of Judicial Officer

                                          April 14, 2000
                                          _____
                                                      Date